Martin *vs.* McDonald.

APPEAL FROM KENTON CIRCUIT.

1. A demurrer to an answer to a petition under the Code involves the sufficiency of the petition; if that be bad it is not necessary to decide upon the sufficiency of the answer.

2. By the *Revised Statutes, sec.* 17, *art.* 2, *page* 376, the guardian of a non-resident minor may apply to the circuit or county court in this state to compel a guardian of the same minor in this state to pay over to a foreign guardian the personal estate of his ward. But the court must be satisfied that the foreign guardian has given sufficient bond and security to secure the funds. These things being averred *prima facie,* the plaintiff has a right to recover.

On the 3d of March, 1832, Martin was appointed guardian to William E. McCleland, an infant, by the probate court of Clermont county, Ohio. On the 22d of February, 1854, he filed this petition in the Kenton circuit court against McDonald, who had been appointed guardian for the same infant by the Kenton county court, for the recovery of money in the hands of the latter guardian, arising from the rents of a house and lot in Covington, and from the administrator of the infant's father. The defendant answered, setting up various defenses in different paragraphs, the validity of which need not now be inquired into. The plaintiff demurred to the answer, and the record states that the demurrer was heard, and that the demurrer to the petition was sustained. No demurrer is contained in the record, and it is presumed that the defendant did not file any demurrer to the petition after answer, but that on hearing the demurrer to the answer the petition was adjudged bad. And from that decision this writ of error is prosecuted.

S. M. MOORE, for plaintiff—

The authority of a foreign guardian, to prosecute a suit in Kentucky under our Revised Statutes, is the question involved in this suit. The *Revised Statutes, chapter* 43, *section* 1, *page* 372, provides

thus—"The court of the county where the minor resides at the time of appointing the guardian or curator, shall have the jurisdiction, unless the minor is a non-resident of the state, in which case the jurisdiction shall be in the court of the county where the real estate of the minor is, or the greater part thereof, may lie ; or if he has no real estate, then in any county where he may have personal estate ; and unless, also, the appointment is made by the will of the father of the minor—in which case the jurisdiction shall be in the court where the will was proved."

The statute allows of the appointment of a guardian to a minor in a county where he may have real estate. It is not necessary that the minor shall be a resident that he may have such guardian in Kentucky.

*Revised Statutes, chap.* 43, *art.* 2, *secs.* 16, 17, *page* 376, has these provisions—sec. 16, "Where there is no guardian in this state of a non-resident minor, his guardian appointed and qualified by the law of the place where the minor resides, may collect, receive, and remove to such place of residence any personal estate of the minor being in this state. Upon application by petition in a summary way, the county court of the county having jurisdiction to appoint a guardian may authorize such foreign guardian to sue for, recover, and so remove any personal estate of such minor, or otherwise to act as a guardian appointed in this state." Sec. 17—"Where there is a guardian in this state of such non-resident minor, he may, by similar petition, either to the county court or circuit court of the county, and ten days notice, be compelled to pay over to such foreign guardian, for such removal, the personal estate of the minor, and the rents and profits of his real estate." We copy section 16 because it is necessary properly to understand section 17. By the first section above quoted we have seen that a guardian may be appointed in Kentucky for a non-resident minor, and then by the 16th section we see that a non-resident guardian of a non-resident minor may, where there is no Kentucky guardian, obtain

MARTIN
vs.
McDONALD.

permission of the county court to then sue for what is due his ward; but the 17th section provides for a different state of case—under the provisions of this last section a foreign guardian of a non-resident minor may sue the resident guardian of such minor. Placing the first and the seventeenth sections together, there can be no doubt but there may. be both a resident and a foreign guardian of a non-resident minor.

A guardian in one state has no power over the estate of his ward lying in another state—*Story's Conflict of Law*, 849—without having an appointment from the state where the property is situated. In accordance with this principle the case of *Burnet v. Burnet*, 323; and *Ware v. Coleman* were correctly decided. But the first and seventeenth sections of the Revised Statutes has changed the law, and a good cause of action is stated in the petition.

J. W. STEVENSON, for appellee—

Denies the legal capacity to sue.

The *Code of Practice, sec.* 120, provides a cause of demurrer the want of capacity to sue, and *sec.* 123 provides that where any of the matters enumerated in *sec.* 120 did not appear on the face of the petition, the objection may be taken by answer. This legal incapacity of the plaintiff to sue, in consequence of the want of jurisdiction of the court of Ohio to appoint a guardian for the plaintiff's ward, and which is admitted on demurrer, was therefore properly set up in the answer, and reached back to the plaintiff's petition.

The change of the domicil of the infant was for a fraudulent purpose, and could confer no jurisdiction on the court in Ohio to appoint a guardian—this will be presumed unless some reasonable excuse be given. *Story's Con. of Law*, 859. All the authorities agree that the change of the domicil of the ward must be done *bona fide*, and without fraud. *Story's Conflict of Law*, 838, 39, 40, 41, and authorities there cited.

The Revised Statutes does not change the law as insisted; the 17th section confers on the plaintiff no

MARTIN
*vs.*
McDONALD.

right to sue ; by its terms provision is made for a foreign guardian to exhibit his petition in the county court or circuit court against the Kentucky guardian of a non-resident minor, requiring him to pay over to such foreign guardian, for his removal, the personal estate and rents of the real estate. That statute does not apply to this case. The clause of the statutes applies to a non-resident minor ; a minor whose domicil is *dejure,* beyond the limits of Kentucky, while the case in bar presents the case of a self styled foreign guardian of a resident minor. The true question is, where is the true domicil of plaintiff's ward ? We say Kentucky, the residence of its parents, and the location of its estate. This is admitted by the demurrer.

The 16th and 17th sections of the Revised Statutes, was intended to provide for isolated and extraordinary cases, which sometimes arise when persons reside in Kentucky, and own estate, go temporarily abroad and the father dies, leaving a mother and infants, and she determines not to return to Kentucky, but qualifies as guardian of her children abroad, while perhaps some one else has qualified in Kentucky.

Judge CRENSHAW delivered the opinion of the court.

September 15.

On the 3d day of March, 1852, Martin was appointed guardian for William E. McCleland, an infant of tender years, by the probate court of Clermont county, Ohio, and on the 22d day of February, 1854, he filed his petition in the Kenton circuit court against McDonald, who had been appointed guardian for the same infant by the Kenton county court, for the recovery of money in the hands of the latter guardian, derived from the rents of a house and lot in Covington, and from the administrator of the infants' father.

The defendant answered, setting up various defenses in different paragraphs, the validity of which need not now be inquired into. The plaintiff demurred to the answer, and the record states that the demurrer was heard, and that the demurrer to the peti-

1. A demurrer to an answer to a petition under the Code involves the sufficiency of the petition;

MARTIN
*vs.*
McDONALD.

if that be bad it is not necessary to decide upon the sufficiency of the answer.

tion was sustained. No demurrer is filed in the record, and we presume that the defendant did not file a demurrer to the petition after answer, but that, on hearing the demurrer to the answer, the petition was adjudged bad—the demurrer to the answer necessarily involving the validity of the petition according to the rules of pleading. The Code has made no alteration in this respect. The only question, therefore, which it devolves upon us to decide, or which is properly before us for decision, is, whether the petition is good or bad? The validity or invalidity of the answer, according to the record, has not been determined by the circuit court; the demurrer to it made it the duty of the court first to look into the petition, and decide upon its validity, the plaintiff having no right to question the answer, if his petition were bad. Had the court thought the petition good, it would have decided the answer to be good or bad, and if bad, the defendant might have made it good by amendment; but the court being of opinion that the petition was bad, relieved it from a decision upon the answer.

2. By the *Revised Statutes, sec. 17, art. 2, page* 376, the guardian of a non resident minor may apply to the circuit or county court in this state to compel a guardian of the same minor in this state to pay over to a foreign guardian the personal estate of his ward. But the court must be satisfied that the foreign guardian has given sufficient bond and security to secure the funds. These things being

By the 17*th section of article* 2*d, Revised Statutes,* 376, the guardian of a non-resident minor is authorized to apply, by petition, to a county or circuit court in this state, to compel a guardian of the same minor in this state to pay over to the foreign guardian the personal estate of his ward. But the court, before it grants such petition, must be satisfied by documentary evidence that the foreign guardian has, where he qualified, given bond with surety to account for all the estate of the minor that might come to his hands.

The petition avers the appointment of the plaintiff as guardian to said minor by the probate court of Clermont county, Ohio; his acceptance of the appointment; his giving bond with surety, &c., in the penalty of $1,100, to account faithfully and justly for all the money of his ward that might come to his hands, and that, at the time of his appointment, his ward was a resident of said county of Clermont, Ohio. He also avers the appointment of the defendant as guardian.

for the same minor by the county court of Kenton, and that the defendant has in his hands, at least the sum of $200 belonging to the ward. And he files with the petition an authenticated copy of the record of his appointment, &c., in the state of Ohio.

The state of case required by the above recited section of the Revised Statutes seems to be fully presented by the petition, and a right, *prima facie*, made out for a recovery against the defendant, and it was erroneous to adjudge the petition bad.

No questions of fraud in the appointment of the foreign guardian; the sufficiency of the bond, &c.; the actual residence of the ward, &c., in Ohio, at the time of appointment, are proper subjects of inquiry upon demurrer. It is sufficient that the petition presents, *prima facie*, a right to the funds in hands of the defendant, and these questions of fraud, &c., are proper subjects of inquiry upon an issue formed by a valid and appropriate answer.

Wherefore, the judgment is reversed, and the cause remanded, that the demurrer as to the petition be overruled, and for further proceedings.